IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                                    Case No. 1:21-cr-00524 KWR

JORGE DOMINGUEZ and
LUIS MARISCAL-LOPEZ, a.k.a.
LUIS MARISOL-LOPEZ, a.k.a.
LUIS LOPEZ,

    Defendants.

### ORDER GRANTING MOTION FOR EXTENSION OF TIME TO PRODUCE DISCOVERY

THIS MATTER comes before the Court on the United States' Partially Unopposed Motion for an Extension of Time to Provide Discovery Materials, Co-conspirator Statements and *Giglio* Material (**Doc. 62**). Having considered the motion and the relevant law, the Court finds that the Government's motion is well-taken, and therefore, is **GRANTED**.

### BACKGROUND

Defendants Luis Mariscal-Lopez and Jorge Dominguez were indicted on a two-count indictment for conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c), and kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1). The United States alleges that Defendants lured Jane Doe to a home where she was then murdered.

On July 13, 2021, the Court declared this case complex based on several factors, including the volume and complexity of discovery. *See* **Doc. 25**; **Doc. 26**. On October 6, 2021, the Court entered a Scheduling Order setting the deadlines for motions and disclosures. **Doc. 51**. The Scheduling Order provides that the deadline for *Giglio* disclosures is June 3, 2022. On June 3,

2022, the United States filed the instant motion, requesting additional time to produce four types of evidence: (1) DNA results, (2) recent interviews conducted by the Federal Bureau of Investigation ("FBI"), (3) law enforcement *Giglio* material, and (4) co-conspirator and witness *Giglio* material. Defendant Mariscal-Lopez objects to three of four of the requested extensions and asks the Court to exclude this evidence as a sanction for a violation of the Scheduling Order.[1] *See* **Doc. 64**. Trial in this matter is set for October 17, 2022.

## DISCUSSION

Under Rule 16(d)(2) of the Federal Rules of Criminal Procedure, a district court has broad discretion to impose sanctions for a party's failure to comply with a discovery order. *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). "If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order." *United States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009). Generally, a court should order the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders. *See Wicker*, 848 F.2d at 1060.

In determining the appropriate sanction, a district court should consider: (1) the reasons the government delayed producing the requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance. *Brown*, 592 F.3d at 1090. A continuance is usually the more desirable remedy for the government's failure to comply with a discovery order. *Wicker*, 848 F.2d at 1062. Exclusion of evidence is an "extreme" remedy and is "almost never imposed." *Brown*, 592 F.3d at 1090 n.4.

---

[1] The United States informs the Court that "[c]ounsel for Mr. Dominguez have been unable to reach him regarding his position, but counsel does not object to the continuance." *See* **Doc. 79, at 1**.

**DNA Evidence**

First, the United States represents that potential DNA results are forthcoming from individuals who recently provided buccal swabs, and thus, it needs additional time to disclose this evidence. *See* **Doc. 62, ¶ 6**. The Government alleges that the pending DNA evidence includes "comparison samples" that do not "alter either defendant's culpability in this case," but rather, "could narrow the potential of the other co-conspirators and their roles." **Doc. 79, at 2**.

Defendant argues that the Court should deny the Government's request for an "unspecified period of time" to produce the DNA results. **Doc. 64, at 2**. Defendant argues that because trial is scheduled for October 2022, and the case was indicted over one year ago and an investigation began in April 2018, the Court should deny the United States' request for an extension and prohibit the Government from introducing such evidence at trial. *Id.* The United States retorts that it has requested expedited analysis by the FBI Crime Lab, and exclusion of this material would be "excessively harsh" because it would also lead to the exclusion of materials previously disclosed. **Doc. 79, at 2**.

Here, though the Government has failed to disclose the referenced DNA evidence by the deadline set forth in the Scheduling Order, the Court finds that the Government did not act in bad faith and that it would be improper to resort to exclusion of this evidence as a sanction without a showing of prejudice to Defendant or considering whether the late disclosure can be cured by other means. Further, Rule 16(c) establishes a continuing duty of disclosure, contemplating the situation where new evidence is discovered after the disclosure deadline. This is the case here, and exclusion of the pending DNA evidence is not warranted. The Court acknowledges that trial in this matter is scheduled for October 17, 2022, therefore, the United States shall disclose the DNA evidence as soon as practicable after its receipt.

**FBI Interviews**

Second, the United States asserts that the FBI interviewed two witnesses in early June 2022, and the Government requests to "continue to disclose material in a reasonable period of time after it comes into its possession under the continuing duty to disclose discovery rule." *See* **Doc. 62, ¶¶ 7–8**. The United States represents that it shall disclose these statements on June 27, 2022, **Doc. 79, at 2–3**. *See* **Doc. 62, ¶¶ 7–8**.

Defendant argues that the Court should deny the Government's request for an "unspecified extension of time" to produce evidence of co-conspirator statements from witnesses recently interviewed. **Doc. 64, at 2**. Defendant asserts that there is no reason why "the statements cannot be emailed to the government by the agents and then sent to defense counsel in just a few days' time." *Id.* Defendant argues that because he must file objections to these statements by June 24, 2022, the Court should deny the extension and prohibit the Government from introducing these statements as a sanction for violating the Scheduling Order. *Id.* **at 2–3**.

Here, the United States has not violated the Scheduling Order. The Government and Defendant have a continuing duty to promptly disclose additional evidence or materials it may discover before or during trial. The referenced evidence falls within the ambit of the Government's continuing duty. The Scheduling Order notes Defendant's continuing duty to disclose, but is silent as to the United States. Going forward, the United States shall promptly disclose additional evidence it may discover pursuant to its continuing duty to disclose. To the extent the United States has not already disclosed statements from the recently conducted interviews, the United States shall do so **on or before July 22, 2022**. Defendant shall have **twenty-one (21) days** from these disclosures to file objections.

**Law Enforcement Material**

Third, the United States asserts that it sent *Giglio* requests to agencies for fifty law enforcement officials, and requests until August 5, 2022 to receive this information and conduct interviews with these individuals. *See* **Doc. 62, ¶ 9**. Defendant does not object. **Doc. 64, at 3**. Thus, the Court shall grant the United States until **August 5, 2022** to produce the referenced *Giglio* information from law enforcement officers.

**Co-Conspirator and Witness Material**

Finally, the United States represents that it possesses *Giglio* material regarding co-conspirators and witnesses, and seeks until July 5, 2022 to produce this information pursuant to a protective order. *See* **Doc. 62, ¶ 10**. Defendant asserts that the United States has long possessed this material, and though Defendant has agreed to a protective order, the United States has yet to submit a proposed order or produce the material. **Doc. 64, at 3**. Defendant asks the Court to order the Government to immediately submit its proposed protective order and produce the material subject to the order. *Id.*

The United States has now filed a motion for a protective order regarding *Giglio* material—opposed in part by Defendants—accordingly, Defendant's present objection is moot. *See* **Doc. 69**.

**IT IS THEREFORE ORDERED** that the Government's Motion for an Extension of Time to Provide Discovery Materials, Co-conspirator Statements and *Giglio* Material (**Doc. 62**) is **GRANTED**.[2]



_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order shall preclude Defendant from raising objections to the United States' forthcoming disclosures or moving for a continuance.