IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                              Case No. 1:21-cr-00524 KWR

JORGE DOMINGUEZ and
LUIS MARISCAL-LOPEZ, a.k.a.
LUIS MARISOL-LOPEZ, a.k.a.
LUIS LOPEZ,

    Defendants.

**ORDER DENYING DEFENDANT'S REQUEST FOR DESIGNATION OF EVIDENCE**

    THIS MATTER comes before the Court upon Defendant Luis Mariscal-Lopez's Motion for Confirmation, Designation, and Identification of Evidence by the Government (**Doc. 72**).[1] Having reviewed the pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken, and therefore, is **DENIED**.

    Defendant asks the Court to require that the United States, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure confirm, designate, and identify evidence that it intends to use in the prosecution of Defendant. Defendant requests, due to the "sheer volume of discovery," that the United States specifically confirm whether it intends to use: (1) forensic evidence of Mariscal-Lopez's DNA on a cigarette; (2) any witness statements; (3) any additional physical evidence linking Mariscal-Lopez to the alleged conspiracy or murder; (4) any phone calls between Mariscal-Lopez and any other members of the alleged conspiracy not listed above; (5)

---

[1] The deadline for Defendant to file a reply was July 25, 2022 and has now passed, therefore, the Court shall consider this motion fully briefed.

any written communications between Mariscal-Lopez and any other members of the alleged conspiracy not listed above; and (6) any other evidence to be used against Mariscal-Lopez not described in the response to the above requests. **Doc. 72, at 2, 4–5**. Defendant argues that these disclosures will alert him to the necessity of making the appropriate motion, "rather than filing multiple motions to suppress, which will conserve time and resources for the government, the defendant, and this Court," and will "expedite the formation of his individualized defense." *Id.* at **5–6**.

The United States contends that Defendant's motion is untimely because the deadline for suppression motions has passed, and that Defendant's request is vague and unreasonable. *see* **Doc. 84, at 1**, **3**. The United States further argues that Defendant's request to identify any potential evidence that will be used at trial "prior to the scheduling order or exhibit list deadline extrapolates beyond any duty or obligation the United States may have." *Id.* **at 4**. The Government posits that "[h]ad Defendant proffered potential items about which he contemplated filing a suppression motion, the United States would have willingly notified Defendant if it intended to use the item or items in question in its case in chief to help conserve the time and resources of all parties and the Court." *Id.*

Here, the Court shall deny Defendant's motion.[2] Rule 12(b)(4)(B) provides that at the arraignment or as soon afterward as practicable, "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may

---

[2] The Court notes that the motion is, at least arguably, moot because the deadline for filing suppression motions was June 24, 2022. **Doc. 51**. Thus, were the Court to grant the motion and order the Government to provide notice of the evidence it intends to use in its case-in-chief, any motion to suppress would be untimely. However, the United States, in meeting its continuing duty to disclose evidence, has disclosed evidence past the deadlines set in the Scheduling Order. Thus, the Court finds it appropriate to address this motion.

be entitled to discover under Rule 16." Rule 12(b)(4)(B) is a matter of procedure. *United States v. Lujan*, 530 F. Supp. 2d 1224, 1244 (D.N.M. 2008). "The rule provides a mechanism to insure that the defendant knows of the government's intention to use evidence to which the defendant may want to object." *Id.* "The purpose of the rule is not to reveal the government's trial strategy, but merely to provide the defendant with sufficient information to file the necessary suppression motions." *Id.* at 1246.

Courts in the District of New Mexico have crafted a moderate approach to implementing Rule 12(b)(4)(B). *Accord United States v. Moya*, No. CR 15-1889 JCH, 2016 WL 9777212, at *2 (D.N.M. Sept. 29, 2016). "To best effect the spirit and purpose of Rule 12(b)(4)(B) in [a] complex case," courts in this District have required the Government to notify a defendant of any Rule 16 evidence "it *does not* intend to introduce in its evidence-in-chief at trial." *United States v. McCluskey*, No. CR 10-2734 JCH, 2012 WL 13076959, at *2 (D.N.M. July 9, 2012) (emphasis in original); *Lujan*, 530 F. Supp. 2d at 1246 ("If the United States knows that it does not intend to introduce any evidence from a particular warrantless search or seizure…then it must notify Defendants of this fact immediately, with a continuing obligation to supplement, in order to avoid the necessity of Defendants moving to suppress evidence that will not be introduced in the United States' case-in-chief at trial.").

Here, first, Defendant did not comply with the Local Rules and failed to confer with the United States prior to filing the motion. *See* D.N.M.LR-Cr. 47.1. The United States represents that it intends to use the DNA evidence against Defendant, thus, Defendant's first request is now moot. *See* **Doc. 84, at 1–2**. Defendant's second request regarding witness statements is now also moot in part, pursuant to the United States' notice of co-conspirator statements and the Court's subsequent order (**Doc. 93**).

Second, Defendant has not sufficiently complied with Rule 12(b)(4)(B) for his latter five requests. Defendant broadly "named all evidence that is known to him that may be used against him." *See* **Doc. 72, at 5**. Rule 12(b)(4)(B) limits the United States' designation obligations to the evidence that the defendant "first identifies and requests notice of the government's intent to use." *United States v. DeLeon*, 428 F. Supp. 3d 698, 715 (D.N.M. 2019) (internal quotations and alterations omitted). To trigger a notice obligation, however, Defendant must identify potentially suppressive evidence with specificity. *Id.* Thus, Defendant's broad requests are insufficient.

Moreover, Rule 12(b)(4)(B) does not require the United States to disclose its trial strategy by forcing it to specify particular pieces of evidence it intends to present. *See Lujan*, 530 F. Supp. 2d at 1246. Any request by Defendant under Rule 12(b)(4)(B) must first identify evidence with sufficient specificity so that the Government can readily ascertain the evidence referenced. And consistent with the moderate approach, the Government shall then notify Defendant of any Rule 16 evidence it <u>does not</u> intend to introduce during its case-in-chief at trial. Such notice will meet the purpose of the rule to reduce the needless filing of suppression motions that are not at issue. The United States may also satisfy Rule 12(b)(4)(B) "by stipulating that it currently intends to introduce all discovery evidence in its case-in-chief." *DeLeon*, 428 F. Supp. 3d at 714. Finally, because the rule refers specifically to the case-in-chief, the Government need not identify any Rule 12(b)(4)(B) evidence that it may use in rebuttal.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Confirmation, Designation, and Identification of Evidence (**Doc. 72**) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE