IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 21-524 MLG |
| ) | |
| LUIS MARISCAL-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE DEFENDANT'S PRIOR STATEMENTS AND ASSAULT ON CORRECTIONS OFFICER
AND REQUEST FOR THEIR ADMISSION AT TRIAL**

The United States gives notice that it may offer, during its case-in-chief, a prior admission by Defendant and other "bad acts" by Defendant for assaulting a corrections officer. Defendant made the statement against interest; it is relevant and highly probative evidence of his participation in the kidnapping of Jane Doe. Additionally, it demonstrates knowledge of, and participation in the kidnapping conspiracy. In the interest of promoting a fair and orderly trial and minimizing the prejudice to any party, the United States respectfully requests that this Court issue a pretrial ruling on the admissibility of the evidence described in this notice.

**FACTUAL BACKGROUND**

On August 1, 2023, our office was notified of an incident involving Defendant that occurred earlier that day. The initial disclosure stated that Defendant participated in an assault on a corrections officer and Cibola County Correctional Facility staff found approximately an 8.5 inch brass rod with a sharpened tip in Defendant's waistband. Our office made several requests for the full reports and any audio-visual materials related to the incident.

On September 27, 2023, we received the reports from the incident. (Exhibit 1). Defendant made an admission to Sgt. Ashley after assaulting Capt. Bitsoi, a corrections officer. The portion of the statement relevant to this case is "that he would have stabbed Captain Bitsoi" and "because he is already a lifer." (Exhibit 1). The United States highlighted the portion of the exhibit in question for easier reference by the Court and the parties.

Another request was made for all recordings. On October 5, 2023, additional reports were provided. Cibola also provided videos of the attack[1]. Since the assault on the corrections officer is still under investigation, should any additional evidence be received by this office related to the motion, it will be provided to the Court and Defendant.

## I. DEFENDANT'S STATEMENT IS PERMISSIBLE EVIDENCE

### A. Defendant's Admission is a Non-Hearsay Statement.

Defendant made a clear statement against interest by stating "he is already a lifer." This evidence is a statement against interest made by the Defendant and should be admitted as such. Fed. R. Evid. 801(d)(2)(A). "A statement is not considered 'hearsay' if it is offered against a party and is the party's own statement." *United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014) (citing Fed. R. Evid. 801(d)(2)(A)). *See also United States v. Pinalto*, 771 F.2d 457, 459 (10th Cir. 1985) (quoting Advisory Committee notes to Rule 801(d)(2)). A proponent of such evidence "need only show by a preponderance of the evidence that the opposing party had made the statement." *Brinson*, 772 F.3d at 1320.

Here, there is no colorable argument someone other than Defendant made the statements identified above. While in custody, Defendant made the statement to a corrections officer. The

---

[1] The reports and videos will be provided to Defendant in discovery and to the Court on a disc as they are too large to be included as exhibits.

2

statement references this case, and functions as an admission of guilt, therefore, it is against interest.

### B. Defendant's Admission Is Relevant Evidence.

Defendant's admission of guilt provides highly relevant evidence to the jury regarding his charge of kidnapping Jane Doe and participating in the related conspiracy. Evidence is relevant if it "tends to make the existence of any fact" of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006 (10th Cir. 1992). Under Rule 401, a fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *Id*. The rule sets the bar low. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993); *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 919 (10th Cir. 1993). Even a minimal degree of probability—*i.e.*, "any tendency"— to prove a fact at issue is sufficient. *See Daubert*, 509 U.S. at 587; Fed. R. Evid. 401.

Defendant references his perceived status as a lifer. It is a tacit admission of guilt. He would not be a lifer but for this case. His other conviction is for a set term of years. It is because he perceives himself as a lifer that the difference in penalties, and the difference in the level of violence towards another human being, appears inconsequential to him. Defendant expresses a feeling of indifference in the penalty that could be added to his term of incarceration between striking or stabbing Capt. Bitsoi, which could be minimal or up to another life sentence. For him, adding anything to a life sentence would prove ineffectual.

Also, the statement shows a guilty conscious for his actions, which is relevant to the case. Whether or not he is actually a "lifer" at this point does not matter. Just by stating he is a lifer demonstrates a guilty conscious and acknowledges that he committed the charged offenses.

Defendant made the statement in English – rather than Spanish – making it relevant. This is noteworthy, as it goes to Defendant's understanding of the conspiracy. Defendant uses interpretation services in court. Other individuals will say he generally speaks Spanish. However, others indicate he understands English and can speak some English, but prefers Spanish. The perception, whether real or not, that he only speaks Spanish goes to the mens rea of knowingly. Defendant must knowingly participate in the conspiracy. What he knew before Crystal Ramos brought the victim to the home, and they proceeded to assault her and tie her up is important to this case. Demonstrating to the jury his English language skills is an important part of proving the element of knowingly.

### C.  The statement is highly probative.

Under Rule 403, the Court must weigh the probative value of relevant evidence against its potential for unfair prejudice. *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). "The trial court has broad discretion to determine whether or not prejudice inherent in otherwise relevant evidence outweighs its probative value." *Id.* Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. *United States v. Rodriguez*, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial simply because it is damaging to the defendant's case. *United States v. Martinez*, 938 F. 2d 1078, 1082 (10th Cir. 1991).

Here, the probative value of the defendant's statement far outweighs the danger of unfair prejudice. An admission, by its nature, is prejudicial as it is highly probative of Defendant's guilt. But is not unfairly prejudicial – it directly addresses the matter of Defendant's guilt or innocence. All probative evidence presented by the United States should weigh in favor of Defendant's guilt, but it is not unfairly prejudicial.

The jury will naturally be curious about what Defendant could or could not understand if he primarily speaks Spanish. He communicated clearly on his own volition with the corrections officer about his regret for not stabbing the guard with the shiv found on him since he already will be spending the rest of his life in prison. The nature and type of communication suggests a level of understanding sufficient to participate in the conspiracy, including knowing his role and what the group asked of him.

Defendant may claim this evidence is late. However, it is based on the recent actions of Defendant. Defendant would be seeking relief from a problem he caused. Even if Defendant confessed on the eve of trial, it still would be highly probative and should not be excluded from the jury.

## II. THE ASSAULT SUPPORTS THE CONSPIRACY AND DEFENDANT'S WILLINGNESS TO ENGAGE IN VIOLENT GROUP BEHAVIOR

Defendant's role in the assault demonstrates a willingness to join in a group assault, and participate in violent conduct with others. This shows an absence of mistake or lack of accident in his role in participating in the conspiracy to kidnap and then assault Jane Doe. The Federal Rules of Evidence permit the admission of evidence of other "bad acts," generally to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). "The Tenth Circuit employs a four-part test to determine if evidence is admissible under 404(b): (1) the evidence must be offered for a proper purpose; (2)

the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted." *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). "[R]ule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013).

Defendant willingly participated in the conspiracy to kidnap Jane Doe, to assault her, and to cover up her death at their hands. Once Jane Doe arrived at the home, he began to assault and torture Jane Doe. Defendant did not hesitate. Similarly, when a fellow inmate was sprayed with pepper spray, Defendant rushed in and assaulted the guard who did it. This willingness to participate and lack of hesitation shows it was not a mistake or accident that he participated in the kidnapping and assault of Jane Doe. This undercuts a likely defense that Defendant did not participate.

Alternatively, should the Court deem it unfairly prejudicial, the United States requests to use this evidence to rebut any claims by defense that suggest Defendant would not participate in such an event, or that a language barrier prevents him from joining in assaultive behaviors, or something similar. This would be permissible under Rule 608(b). Fed. R. Evid. 608(b).

## **CONCLUSION**

For the reasons set forth above, the United States requests the Court issue a pretrial ruling permitting Defendant's admission of guilt and his participation in the assault on the corrections officer.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on October 6, 2023*
NICHOLAS J. MARSHALL
CAITLIN DILLON
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I HEREBY CERTIFY that on October 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NICHOLAS J. MARSHALL
Assistant United States Attorney